# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBRA DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-CV-479-JED-JFJ |
| v. | ) | |
| | ) | |
| TITAN ES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff, Debra Daniels, was employed by the defendant, Titan ES, LLC (Titan) until August, 2016. She submitted a formal Charge of Discrimination with the EEOC on March 17, 2017. (Doc. 17-1). In the Charge, she checked the boxes alleging discrimination based on race, sex, and retaliation, and she also asserted an equal pay claim. (*Id.*). She identified the following as the "particulars" of her discrimination claim:

> I. I was hired in January 2013 as an Administrative Assistant and was later promoted to Marketing Coordinator. During my employment I was subjected to harassment by Charles Effinger, Operations Manager. Mr. Effinger routinely belittled and intimidated me, stated that he worked with idiots, joking said I did not do my job, paid females less than similarly situated males, required salaried female employees [to] clock in and out, but salaried male employees did not, and made racist remarks, including saying that tribal members should not be getting the tribal benefits. I, and others, complained about this behavior. In response my employment was terminated on or about August 26, 2016. Others who complained, that are not American Indian, were not fired.
>
> II. The reason given by Brad Cockings, Owner, for the offensive, discriminatory behavior exhibited by Mr. Effinger, was that Mr. Effinger has back pain.
>
> III. I believe that I have been discriminated against because of my sex, Female, my race, American Indian, and in retaliation for my complaints of discrimination and harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my sex, Female, in violation of the Equal Pay Act of 1963, as amended.

(*Id.*).

Ms. Daniels subsequently initiated this litigation by filing a pleading in which she alleged quid pro quo harassment (First Claim for Relief), gender discrimination (Second Claim for Relief) and race / national origin discrimination (Third Claim for Relief). (Doc. 2-3). Titan moves for partial summary judgment, as to Ms. Daniels's First Claim for Relief. (Doc. 17). Titan argues that Ms. Daniels did not exhaust her First Claim for Relief, because her Charge of Discrimination did not include any factual allegations that would promote an inquiry by the EEOC or would provide notice to Titan that she was claiming quid pro quo sexual harassment by Mr. Cockings. (*See id.*).

The First Claim for Relief in her Complaint asserts a claim for quid pro quo sexual harassment based on Ms. Daniels's allegations that Titan "conditioned [her] continued employment upon her submission to conduct of a sexual nature" and "terminated her employment" after she informed Mr. Cockings "that she was not interested in him in a romantic or sexual way." (Doc. 2-3 at ¶¶ 19-20). She similarly asserted that Mr. Cockings "fired [her] after she refused his sexual advances." (*Id.* at ¶ 21). Titan is correct that these allegations are not mentioned in Ms. Daniels's Charge of Discrimination. (*See* Doc. 17-1). The Charge alleges belittling, intimidating, harassing, offensive, and discriminatory behavior by Charles Effinger, but it does *not* assert that Mr. Cockings engaged in sexually harassing behavior or quid pro quo discrimination or that he terminated her employment after she refused his alleged romantic or sexual advances. (*Id.*).

Ms. Daniels argues that the Court should look at her EEOC Intake Questionnaire, in which she asserts that Mr. Cockings "terminated [her] employment but refused to tell [her] why while four other people were quiting [sic] tired of drama." (Doc. 18-3). In her Intake Questionnaire, she alleged that there were three other Titan employees who witnessed texts, emails, gestures, and "frequent visits." (*Id.* at 4, 6).

Upon consideration of the parties' briefs and authorities, the Court concludes that there is no genuine dispute as to any material fact and Titan is entitled to judgment as a matter of law on Ms. Daniels's First Claim for Relief. Ms. Daniels did not exhaust that claim because her Charge did not include any assertions that Mr. Cockings sexually harassed the plaintiff or fired her for failing to cede to his sexual advances. It thus contained no information that either would prompt the EEOC to investigate, or would provide notice to Titan of, any such claim regarding Mr. Cockings's conduct.

A plaintiff must exhaust administrative remedies in accordance with Title VII in order to ultimately recover on a discrimination claim under Title VII. *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012). "Further, administrative remedies generally must be exhausted as to each discrete instance of discrimination or retaliation." *Id.* (citing *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194-95 (10th Cir. 2004)); *see also Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003). A plaintiff exhausts administrative remedies by timely filing a Charge of Discrimination with the EEOC. The Charge of Discrimination is to include "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3); *see also Jones v. Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017) (quoting § 1601.12(a)(3)). The factual allegations in the charge form must be "sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). The charge document is construed liberally. *Id.*

The purpose of the exhaustion requirement is twofold: to give notice of the alleged violations; and to provide the EEOC an opportunity to resolve the claim. *See Needham*, 856 F.3d at 1290. While "there are times in which a different filing, such as an intake questionnaire, can constitute a charge for certain purposes, the general rule remains that [courts] typically look to the

3

charge form if one exists" because "the charge form, not a previous filing, is given to the employer to notify it of the potential claims against it and ordinarily determines the scope of the EEOC's investigation." *Id.* (internal citations omitted). In recent unpublished opinions, the Tenth Circuit declined to read allegations from the Intake Questionnaire where the plaintiff had filed a formal charge of discrimination. *See Hankishiyev v. ARUP Laboratories*, 732 F. App'x 673, 677-78 (10th Cir. 2018); *Green v. JP Morgan Chase Bank Nat'l Ass'n*, 501 F. App'x 727, 731 (10th Cir. 2012). While these opinions are not precedential, they address the precise issue presented here and accordingly have persuasive value. *See* 10th Cir. R. 32.1(A). The Court will therefore consider the Charge of Discrimination, rather than the Intake Questionnaire.

Construed liberally, Ms. Daniels's Charge of Discrimination did not provide any notice to Titan that she was asserting quid pro quo sexual harassment by Mr. Cockings. (*See* Doc. 17-1). As a result, Ms. Daniels did not exhaust the claim, and Titan is entitled to judgment as a matter of law on the First Claim for Relief. *See Apsley*, 691 F.3d at 1210-11 (affirming summary judgment where plaintiffs checked the box for retaliation on their charges of discrimination, but "the narrative portion of their charges" set forth a factual basis different than the facts alleged in their discrimination claim filed in court and "[n]othing in the EEOC forms put the Companies on notice of retaliation claims relating to gender, race, or disability").

Titan's Motion for Partial Summary Judgment (Doc. 17) is **granted**. Plaintiff's First Claim for Relief is dismissed.

SO ORDERED this 25th day of September, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4